

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JULIO CESAR NAVAS, | |
|     *Petitioner*, | 3:10-cv-00647-RCJ-WGC |
| vs. | ORDER |
| JAMES BACA, *et al.*, | |
|     *Respondents*. | |

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court following upon petitioner's notice (#39) advising that he will not be filing a motion to dismiss the mixed amended petition in whole or in part under *Rose v. Lundy*, 455 U.S. 509 (1982).

    Petitioner's notice follows upon an order which, *inter alia*, denied petitioner's motion to stay the mixed petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). The order thereupon afforded petitioner an opportunity to file a motion to dismiss the entire petition or a motion for partial dismissal only of the unexhausted claims, along with a declaration by petitioner in proper person reflecting his concurrence with the relief being sought. In the notice, petitioner informs the Court through counsel that he will not be filing a motion for full or partial dismissal, and he reflects his understanding that the failure to file such a motion will result in a dismissal without prejudice of the petition. Petitioner respectfully maintains that he believes that the appropriate course of action would have been to stay the federal proceedings pending completion of pending state post-conviction proceedings. Given that no motion for relief has been filed, it is his understanding that no declaration is necessary.

The Court accordingly will dismiss the petition, as amended, without prejudice. The Court agrees that the filing of a declaration is not required under the prior order if the petitioner opts to request no relief. The "default setting" under *Rose* for this particular procedural context -- with a stay previously having been requested and denied -- is dismissal of the entire petition if the petitioner does not file a motion for partial dismissal seeking dismissal of the unexhausted claims. The notice filed by counsel is sufficient in this procedural context to inform the Court that the petitioner will not be filing a motion for relief in response to the order, and the notice promptly removes any question for the record.

In entering a final judgment dismissing this action without prejudice, the Court will deny a certificate of appealablity.

When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a certificate of appealability: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While both showings must be made, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484.

In the present case, there is no dispute that the counseled amended petition, to one extent or another, is a mixed petition. See #38, at 1, lines 19-21, & 2-3. Following upon the denial of petitioner's motion for a stay, there additionally can be no dispute that dismissal of the entire petition therefore is required under *Rose* once the petitioner declines to move for a partial dismissal order dismissing only the unexhausted claims. Jurists of reason thus would not find debatable or wrong the Court's dismissal of the entire petition without prejudice in the procedural posture presented at the time of entry of judgment.

Jurists of reason further would not find debatable or wrong the district court's antecedent denial of petitioner's motion for a stay. At the outset, the represented petitioner

sought a stay only under *Rhines* without invoking any other stay procedure in the alternative. See #38, at 1, lines 21-23; 21, lines 25-26; & 27, lines 3-4. Petitioner clearly did not demonstrate good cause for the failure to exhaust as is required for a *Rhines* stay. He instead in essence "jumped the gun" by filing the present federal petition only ten months after filing his facially timely first state post-conviction petition. Petitioner's impatience does not provide good cause for seeking federal habeas relief before the completion of timely and reasonably expedient state post-conviction proceedings. Petitioner's arguments otherwise seeking to establish good cause for the failure to exhaust in this context are strained at best. Grant of a stay in this quite ordinary procedural context both would render stay orders routine and would result in parallel state and federal post-conviction proceedings being pending contemporaneously as a matter of course. The Court's appointment of federal habeas counsel in this matter in part afforded petitioner the benefit of the advice of competent counsel prior to continuing to pursue a course that could lead to a second federal petition being barred as a second or successive petition. The Court's appointment of counsel did not implicitly signify that petitioner had good cause to "jump the gun" by filing the federal action without waiting for the conclusion of the state post-conviction proceedings. See #38, at 1-2 & 21-27. Jurists of reason thus would not find the Court's denial of a *Rhines* stay, the only type of stay requested herein, to be debatable or wrong.

The Court again notes in this matter that petitioner currently has over three months left in the federal limitation period, which typically will not begin to run again until the issuance of the remittitur at the conclusion of any timely state post-conviction appeal. The pendency of any appeal herein will not necessarily provide justification for petitioner to delay filing a second federal petition after the conclusion of the state post-conviction proceedings and prior to the conclusion of any such federal appeal. That is, petitioner should not assume that a federal appeal will function as a *de facto* stay, given that the dismissal of the present mixed petition is required after petitioner failed to demonstrate good cause for a *Rhines* stay and thereafter declined to dismiss the unexhausted claims. The Court expresses no opinion as to whether the interests of justice would require appointment of counsel on a second federal petition.

     IT THEREFORE IS ORDERED that the petition, as amended, shall be DISMISSED without prejudice for lack of complete exhaustion as to all claims.

     IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  **See text, *supra*, at 2-3.**

     The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action without prejudice.

     DATED: This 17th day of May, 2013.

                              _____
                              ROBERT C. JONES
                              Chief United States District Judge