

___ FILED         ___ RECEIVED
___ ENTERED       ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

JUL 1 2 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JULIO CESAR NAVAS,<br><br>                Petitioner,<br>v.<br><br>JAMES BACA, et al.,<br><br>                Respondents. | Case No. 3:10-cv-00647-RCJ-WGC<br><br>ORDER |

This counseled second-amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss in part Julio Cesar Navas' petition (ECF No. 72). Navas opposed (ECF No. 76), and respondents replied.

### I. Procedural History and Background

On July 23, 2003, Navas entered a nolo contendere plea in state case no. CR02-2190 to count II: lewdness with a child under the age of fourteen years and counts III and IV: open or gross lewdness (exhibit 30).[1] The state district court sentenced him as follows: count II – life with the possibility of parole after 10 years; count III – 12 months, concurrent with count II; count IV – 12 months, concurrent with counts II and III. Exh. 34. Also on July 23, 2003, Navas entered a nolo contendere plea in state case no. CR03-0647 to intimidating or bribing a witness. Exh. 31. The state district court

---

[1] Exhibits 1-196 referenced in this order are exhibits to petitioner's first-amended petition, ECF No. 16, and are found at ECF Nos. 17-24. Exhibits 197-204 are exhibits to Navas' second-amended petition and are attached to that petition at ECF No. 64.

1

sentenced him to 23 to 32 months, concurrent with the sentence imposed in CR02-2190. Exh. 35.

Navas appealed both convictions, and the Nevada Supreme Court approved a stipulation of the parties to consolidate the appeals. See exh. 72. On April 26, 2004, the state supreme court issued an order of limited remand for the purpose of securing new counsel for Navas. Id. The state district court appointed new counsel, and the parties filed a supplemental fast track statement and response. Exhs. 84, 86, 87.

On January 20, 2005, the Nevada Supreme Court vacated the judgments and remanded in order to afford Navas the opportunity to file a counseled motion to withdraw his pleas. Exh. 89. Remittitur issued on February 15, 2005. Exh. 91. On May 31, 2005, Navas filed a motion to withdraw both pleas. Exh. 93. The state district court granted the motion. Exh. 96.

On February 8, 2006, a jury convicted Navas in case no. CR02-2190 of count I: sexual assault on a child; count II: lewdness with a child under the age of fourteen years; and counts III and IV: open or gross lewdness. Exh. 126. The jury also convicted him in case no. CR03-0647 of intimidating or bribing a witness. Id. The state district court sentenced him as follows: count I – life with the possibility of parole after 20 years; count II – life with the possibility of parole after 10 years, consecutive to count I; and counts III and IV – two terms of 12 months, concurrent with count I. Exh. 132. In case no. CR03-0647, he was sentenced to 24 to 60 months, concurrent with case no. CR02-2190. Exh. 130.

Navas appealed in both cases, and the Nevada Supreme Court consolidated the appeals. Exhs. 134, 135, 142. The state supreme court affirmed the judgments on December 12, 2008, and remittitur issued on January 6, 2009. Exhs. 165, 166.

Navas filed a state postconviction habeas petition on November 30, 2009. Exh. 170. The state district court conducted an evidentiary hearing, granted the petition as to claims of ineffective assistance of counsel (IAC) with respect to the sexual assault

conviction, and denied the petition as to IAC claims with respect to the lewdness with minors and witness intimidating convictions. Exh. 200. Amended judgments of conviction were entered. Exh. 204. Both parties appealed. On April 15, 2015, the Nevada Supreme Court affirmed the state district court's order. Exh. 201.

In the meantime, Navas had dispatched his federal habeas petition for filing on October 12, 2010 (ECF No. 5). This court granted respondents' motion to dismiss in part, concluding that certain federal grounds had not been exhausted in state court (ECF No. 38). Navas, through counsel, filed a notice with the court stating that he would not be filing a motion to dismiss some or all grounds of the federal petition and indicating that he understood failure to file such a motion would result in the dismissal of his federal petition without prejudice (ECF No. 39). Accordingly, on May 17, 2013, this court dismissed the federal petition without prejudice (ECF No. 40). On July 9, 2015, the Ninth Circuit Court of Appeals reversed and remanded (ECF No. 46). The court of appeals noted that the Nevada Supreme Court had granted Navas limited postconviction relief in its order dated April 15, 2015. *Id.* The court of appeals stated that Navas was neither procedurally barred nor time-barred from filing a new federal petition and that Navas had fully exhausted the claims in his amended federal petition. *Id.*

On June 22, 2016, Navas filed a counseled second-amended federal petition (ECF No. 64). Respondents have now moved to dismiss certain grounds of the petition (ECF No. 72).

II. **Legal Standards & Analysis**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also*

*Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

Here, the Ninth Circuit reversed this court's dismissal of the first-amended petition, observing that, because the Nevada Supreme Court reached the merits of the Navas' state petition, "Navas is neither procedurally barred nor time-barred from filing a new federal habeas petition, . . [and] the Nevada Supreme Court's decision has also obviated the district court's basis for dismissal, as Navas has now fully exhausted the claims in his amended federal petition" (ECF No. 46). Thereafter, Navas filed a second-amended federal petition in which he raises the same grounds he raised in the first-amended petition (ECF No. 64). The court of appeals has stated that the federal grounds are exhausted; this constitutes the law of the case. *United States v. Garcia-Beltran*, 443 F.3d 1126, 1129 (9th Cir. 2006). Therefore, respondents' motion to dismiss certain grounds for failure to exhaust shall be denied.

4

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 72) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to strike respondents' reply in support of the motion to dismiss (ECF No. 79) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that within **forty-five (45) days** of the date of this order respondents shall file an answer to petitioner's grounds for relief. The answer shall comply with Rule 5 of the Rules Governing 28 U.S.C. §2254 Cases in the United States District Courts under.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

DATED: 12th July 2017.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE